```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division

UNITED STATES OF AMERICA    )
                            )
        v.                  )
                            )      1:05cr567(JCC)
SCOTT C. DELLAGATTA,        )
                            )
        Defendant.          )
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court for sentencing.

### I.   Background

On January 10, 2006, Defendant, Scott Christopher Dellagatta, pleaded guilty to a one-count criminal information charging him with interstate transportation of stolen property, in violation of 18 U.S.C. § 2314.  In the Statement of Facts that accompanied his Plea Agreement, Defendant admitted that he engaged in a scheme to steal credit cards from automobiles and use the stolen cards to purchase electronic goods.  Defendant broke into automobiles in Virginia, North Carolina, Georgia, and Pennsylvania without leaving visible signs of entry.  He removed credit cards from purses and wallets in the automobiles.  He then used the stolen credit cards to fraudulently purchase electronic items such as computers, computer monitors, cameras, and power tools.  Defendant transported these items to Maryland in order to sell them to persons (hereinafter "fences") who knew that the items had been fraudulently purchased with stolen credit cards.

The fences would instruct Defendant on what items to purchase with the stolen credit cards.  They paid Defendant one-half of the retail value of the items and an extra one hundred dollars for items that had a retail value of more than one thousand dollars.  Between May 2003 and April 2005, Defendant received at least $552,000 as a result of this scheme.

Under the Sentencing Guidelines, the base offense level for Defendant's interstate transportation of stolen property is six.  U.S.S.G. § 2B1.1(a)(2).  The Presentence Report ("PSR") recommends a fourteen-level enhancement to account for a loss amount of $552,000, pursuant to U.S.S.G. § 2B1.1(b)(1)(H), and a two-level enhancement because ten or more victims were involved, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i).  The parties agree that these enhancements are appropriate.  The PSR also recommends that the Court apply a criminal history category of IV, and the parties do not dispute that conclusion.

The issue before the Court concerns the PSR's recommendation of an enhancement of two offense levels on the basis that the offense involved the receipt of stolen property and the business of receiving and selling stolen property.  Defendant argues that imposition of this two-level enhancement would be improper, as it would be based on information obtained during the course of Defendant's cooperation with the government.  Defendant's objection to the PSR is currently before the Court.

## II.  Analysis

The Sentencing Guidelines provide that "[i]f the offense involved receiving stolen property, and the defendant was a person in the business of receiving and selling stolen property, increase by 2 levels."  U.S.S.G. § 2B1.1(b)(4). Defendant's objection to the two-level enhancement at issue is based on the following provision:

> Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

U.S.S.G. § 1B1.8(a).  Defendant's plea agreement contains the non-use provision contemplated by § 1B1.8(a).

Nevertheless, it is apparent that the § 2B1.1(b)(4) enhancement is derived not from statements made by Defendant during the course of his cooperation but from the Statement of Facts signed by Defendant when he entered his guilty plea. Section 2B1.1(b)(4) does not require that Defendant was the person who actually received the stolen property; it merely requires that his offense "involved receiving stolen property" and that he was "in the business of receiving and selling stolen property."  Defendant's Statement of Facts sufficiently establishes those elements.  Defendant admitted that he

fraudulently procured items and sold those items to persons in Maryland.  In his Statement of Facts, Defendant referred to these persons as "fences," a term that is commonly understood to refer to one who receives and sells stolen goods.  *See American Heritage Dictionary of the English Language* (4th ed. 2000), *available at* http://www.bartleby.com/61/71/F0077100.html.  Defendant admitted that these fences would go so far as to instruct him on what items to purchase with the stolen credit cards.  This fact and the fees Defendant received from the fences amply demonstrate that Defendant was intimately involved with the business of receiving and selling stolen property.

Because Defendant's Statement of Facts establishes that his offense involved receiving stolen property and that he was involved in the business of receiving and selling stolen property, the Court finds that a two-level enhancement is appropriate under U.S.S.G. § 2B1.1(b)(4).  The Court's conclusion does not rely to any extent on the information Defendant provided in the course of his cooperation with the government.  Accordingly, U.S.S.G. § 1B1.8(a) is inapplicable.

### III.  Conclusion

For the foregoing reasons, and taking account of a three-level deduction for Defendant's timely acceptance of responsibility, the Court will find Defendant to be a Category IV offender with an adjusted offense level of twenty-one (21).  This

yields an advisory Guidelines range of fifty-seven (57) to seventy-one (71) months.  Upon consideration of the factors enumerated in 18 U.S.C. § 3553(a) and for the reasons stated in open court, the Court will sentence Defendant to fifty-seven (57) months imprisonment,[1] three (3) years supervised release with the special conditions that were stated in open court, restitution to the victims in the amount of $45,857.42, and a $100.00 special assessment.  An appropriate Order shall issue.

April 4, 2006                              _____/s/_____
Alexandria, Virginia                              James C. Cacheris
                                           UNITED STATES DISTRICT COURT JUDGE

---

[1] Were the Court to reach an opposite conclusion with respect to Defendant's objection to the offense level enhancement under U.S.S.G. § 2B1.1(b)(4), the Court would be sentencing Defendant as a Category IV offender with an adjusted offense level of nineteen (19).  The corresponding sentencing range would be forty-six (46) to fifty-seven (57) months.  If this had been the case, the Court would still sentence Defendant to fifty-seven (57) months imprisonment.